The Carlynton School District of the Boroughs of Carnegie, Crafton and Rosslyn Farms, Appellant, *v.* James G. James, Appellee.

Argued November 9, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Walter J. Phillips,* for appellant.

*Thomas M. Thompson,* with him *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for appellee.

OPINION BY JUDGE MENCER, January 8, 1974:

James G. James (James), during the entire time period relevant to this case, resided at 41 Hawthorne

Avenue in the Borough of Crafton. He decided to submit his name to the electorate for the position of School Director of Carlynton School District. This seemingly innocuous decision by James proved to be the genesis of this litigation.

Carlynton School District (School District) is a third class school district in Allegheny County comprising the Boroughs of Crafton, Rosslyn Farms and Carnegie. Under the provisions of the School Reorganization Act, Act of August 8, 1963, P. L. 564, 24 P.S. §2-290 et seq., amending the Public School Code of 1949, Act of March 10, 1949, P. L. 30, 24 P.S. §1-101 et seq., the School District developed a plan of school board representation on a regional basis. The School District was divided into three regions, each to be represented by three school directors. This plan was approved on February 1, 1967 by the Court of Quarter Sessions of Allegheny County in accordance with Section 303(b) of the Public School Code of 1949, 24 P.S. §3-303(b).

This plan adhered to, and was compatible with, the boundaries of the election districts in the three boroughs. On February 1, 1967, the James residence at 41 Hawthorne Avenue was in the Second Ward of the Borough of Crafton which was a part of Region One of the School District plan. On December 19, 1972, by Ordinance No. 1312, the Borough of Crafton revised its election districts and the James residence at 41 Hawthorne Avenue became a part of the Third Ward of the Borough of Crafton which had been designated a part of Region Two of the School District plan. The redistricting of the Borough of Crafton was approved by the Court of Common Pleas of Allegheny County on February 13, 1973. The legality of this redistricting is not questioned but rather admitted here. Thereafter, James circulated and timely filed a nomination petition for school director from Region Two of the School District.

The Director of the Bureau of Elections of Allegheny County notified James that he was uncertain as to

James' right to stand for election in Region Two. James commenced a proceeding designed to obtain a court order that would direct the Bureau of Elections to place his name upon the ballot for the May 15, 1973 primary election as a candidate for school director from Region Two.

Following a hearing, the Court of Common Pleas of Allegheny County entered an order, on April 10, 1973, directing the Bureau of Elections to place the name of James upon the ballot as a candidate for school director from Region Two, and further directing that ballots for the election of school directors for Region Two of the School District be made available to all electors in the Third Ward of the Borough of Crafton, as defined in the Borough's Ordinance No. 1312.

The School District was permitted to intervene and a rehearing was granted by the court below. After the rehearing, the lower court refused to change its order of April 10, 1973 and the School District filed this appeal. We affirm.

Section 303(b) of the Public School Code of 1949, 24 P.S. §3-303(b), reads as follows: "(b) The interim operating committee or after the date of establishment the board of school directors of a newly established school district, may, if it so chooses, develop a plan to divide the school district into either three or nine regions. The boundaries of the regions shall be fixed and established in such manner that the population of each region shall be as nearly equal as possible and *shall be compatible with the boundaries of election districts.* Such plan for the division of the school district shall be submitted for approval to the court of quarter sessions. If approved by such court, the clerk thereof shall certify the regional boundaries contained therein to the county board of elections. *In the event of any division, redivision, alteration, change or consolidation of election districts which renders regional boundaries*

*incompatible with the boundaries of election districts, a new plan shall be developed and submitted for court approval in like manner.* Any proposed change in an approved plan, including abolition of regional representation, shall be submitted for approval to the court of quarter sessions by the board of school directors. Where a three region plan is approved, three school directors who reside in each region shall be elected or appointed as hereinafter provided by and from each region and at all times each region shall be represented by three directors elected or appointed as hereinafter provided from that region. Where a nine region plan is approved, one school director who resides in each region shall be elected or appointed as hereinafter provided by and from each region and at all times each region shall be represented by a director elected or appointed as hereinafter provided from that region." (Emphasis supplied.)

Here the School District chose to define the regions as comprised of certain designated numbered wards of specific boroughs. It did not decide to define the regions as the "present boundaries" of the specified wards as did the Chichester School District of Delaware County. *See Chichester School District Division Case,* 210 Pa. Superior Ct. 426, 234 A. 2d 187 (1967). Likewise, the School District did not choose to define the area comprising the various regions by metes and bounds, or specific boundaries, or encompassed by specified streets or other discernible geographic landmarks.

Whatever its reason for simply using the designation of numbered wards, this method always achieves a clear and ascertainable result. For instance, the Second Ward would always be in Region One and the Third Ward would always be in Region Two until such time as the School District changed its plan as it has a right to do under Section 303(b). Consequently, if the election districts or wards of the borough change, the new

districts or wards never become incompatible with the school district plan which utilizes numbered wards rather than specific boundaries, and the School District is not required to revise its plan which remains workable because it is still compatible with the boundaries of the election districts.

The language of Section 303(b) that reads, "In the event of any division, redivision, alteration, change or consolidation of election districts which renders regional boundaries incompatible with the boundaries of election districts, a new plan shall be developed and submitted for court approval in like manner," implies that changes may be made which will not render regional boundaries incompatible with the boundaries of election districts. We conclude that the present case is an example of such an implication.

The contention (James' residence remains in Region One) which the School District asserts in this appeal (1) is contrary to the clear, precise and explicit words of its plan (Second Ward is in Region One; Third Ward is in Region Two) and (2) would result in the Regions' being no longer compatible with the boundaries of the election districts, thus necessitating the submission of a new plan for court approval, and (3) produces the possibility that the failure of the School District to submit promptly such a new plan would result in the election of all school directors by an "at large" election, contrary to its regional representation concept.

We merely decide here that after February 13, 1973 the James residence at 41 Hawthorne Avenue was in the Third Ward of the Borough of Crafton and that, by the very clear and precise wording of the School District's plan, the Third Ward was a part of Region Two and, therefore, the lower court correctly concluded that James was eligible to be a candidate for election as a school director from Region Two of the School District.

Order affirmed.